Alvin Ray PALM

v.

**Dr. James Edwin MARR, Warden John R. Lindsey, Connie Wade, R.N., and Wackenhut Corrections Corporation**

No. 4:99–CV–048–E.

United States District Court,
N.D. Texas,
Fort Worth Division.

April 24, 2001.

Alvin Ray Palm, Navasota, TX, for plaintiff.

Nancy L. Patterson, Edward W. Allred, Littler Mendelson, Houston, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

MAHON, District Judge.

Now pending before the Court is a Motion for Summary Judgment ("Motion")

filed by Defendants Warden John R. Lindsey, Connie Wade, R.N., and Wackenhut Corrections Corporation ("Defendants"). Plaintiff Alvin Ray Palm has not responded in opposition. After considering the Motion, the record before the Court, and the applicable law, the Court makes the following determinations.

## I. BACKGROUND

Plaintiff Alvin Ray Palm is a convicted felon who has served a portion of his prison sentence at the John R. Lindsey State Jail Facility in Jacksboro, Texas. The jail facility is owned and operated by Defendant Wackenhut under a contract with the Texas Department of Criminal Justice.

On January 9, 1999, Palm filed suit pursuant to 28 U.S.C. § 1983, alleging that Defendants violated his Eighth Amendment rights by denying him proper medical examination and treatment. Specifically, Palm asserts that: (1) Warden Lindsey did not respond to his written complaint that his back and leg pain was being ignored by the jail's medical staff; (2) Nurse Wade refused to agree with his assessment that he was suffering from a herniated disc during a medical examination in August 1998; and (3) Wackenhut is responsible for the "wrong doing and negligence" of Wade and Dr. James Edwin Marr, who treated Palm on three occasions. See Pl.'s Compl. at 4–6; Pl.'s Answers to Def.'s First Set of Interrogs. at 1–2.[1]

Defendants now move for summary judgment, arguing that Defendants are immune under the Eleventh Amendment from Palm's claim for damages, Defendants did not violate the Eighth Amendment by being "deliberately indifferent" to Palm's medical condition, and Palm has not submitted any evidence to substantiate his claims.

## II. SUMMARY JUDGMENT STANDARDS

Summary Judgment is proper when the record establishes that no genuine issue as to any material fact exists, and the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); Hill v. London, Stetelman, & Kirkwood, Inc., 906 F.2d 204, 207 (5th Cir.1990). The evidence in the record is to be viewed in the light most favorable to the nonmoving party. See Newell v. Oxford Management Inc., 912 F.2d 793, 795 (5th Cir.), reh'g denied, 918 F.2d 484 (1990); Medlin v. Palmer, 874 F.2d 1085, 1089 (5th Cir.1989).

In order to prevail on a motion for summary judgment, the moving party has the initial burden of demonstrating that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir.1988); Fed.R.Civ.P. 56(c). The party moving for summary judgment need not produce evidence showing the absence of a genuine issue of material fact with respect to an issue on which the nonmoving party bears the burden of proof. See Celotex Corp., 477 U.S. at 325, 106 S.Ct. 2548. Rather, the party moving for summary judgment need only show that the party who bears the burden of proof has adduced no evidence to support an element essential to its case. See id.; Teply v. Mobil Oil Corp., 859 F.2d 375, 379 (5th Cir.1988). If the movant bears the burden of proof on a claim or defense, he must

---

1. The Court notes that Dr. James Edwin Marr was dismissed as a party to this suit by the Court's Order dated January 18, 2000. Dr. Marr died during the pendency of this action.

establish all elements of the claim or defense to prevail on summary judgment. *See U.S. v. Home Health Agency, Inc.*, 862 F.Supp. 129, 133 (N.D.Texas 1994) (Mahon, J.); *Western Fire Insurance Co., v. Copeland*, 651 F.Supp. 1051, 1053 (S.D.Miss.1987), *aff'd*, 824 F.2d 970 (5th Cir.1987).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine fact issue. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson*, 477 U.S. at 257, 106 S.Ct. 2505. In order to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. Rule 56(e) requires that the nonmoving party "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505.

In making its determination on the motion, the Court must look at the full record including the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. *See Williams*, 836 F.2d at 961. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion and any doubt must be resolved in their favor. *See Matsushita*, 475 U.S. at 587–90, 106 S.Ct. 1348; *Meyers v. M/V Eugenio*, 842 F.2d 815, 816 (5th Cir.1988). The Court's function, however, is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

It should also be noted that under 28 U.S.C. § 1915(e)(2), an *in forma pauperis* plaintiff, such as Palm, can have his case dismissed at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

## III. DISCUSSION

### A. Defendants are "State Actors" for purposes of § 1983

As a preliminary matter, the Court will consider whether Palm can properly bring his federal civil rights claims against the Defendants—a private corporation and its two employees.

■ To state a claim under 28 U.S.C. § 1983, a plaintiff must allege facts tending to show that: (1) he has been deprived of a right secured by the Constitution or federal law, and (2) the deprivation was caused by a person or persons acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). The United States Supreme Court has held that where a private party has exercised powers that are "traditionally the exclusive prerogative of the state," the private party may be considered a state actor under § 1983. *Rendell–Baker v. Kohn*, 457 U.S. 830, 842, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982). Concluding that the maintenance of a prison system has "traditionally [been] the exclusive prerogative of the state," courts have held that when a state contracts with a private corporation to run its prisons, the private prison employees become subject to § 1983 suits. *See Skelton v. Pri–Cor, Inc.*, 963 F.2d 100, 102 (6th Cir.), *cert. denied*, 503 U.S. 989, 112 S.Ct. 1682, 118 L.Ed.2d 398 (1992); *see also Lemoine v. New Horizons Ranch & Ctr.*, 990 F.Supp. 498, 502 (N.D.Tex.1998) (private employ-

ees of residential treatment center licensed by State of Texas subject to § 1983 suits).

■ Because Wackenhut operates the John R. Lindsey State Jail under a contract with the Texas Department of Criminal Justice, the company and its prison employees (including Warden Lindsey and Nurse Wade) must be considered "state actors" for purposes of § 1983. Thus, considering that Palm has alleged a violation of his Eighth Amendment rights by various state actors, he has succeeded in stating valid claims under § 1983. The Court now considers, however, whether these claims can withstand Defendants' Motion for Summary Judgment.

### B. *Palm's Claim Against Warden Lindsey*

■ To incur liability under § 1983, an individual must be personally involved in the deprivation of a person's constitutional rights. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.1983). Supervisory officials cannot be held vicariously liable for their subordinates' actions under § 1983. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir.), *cert. denied*, 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 108 (1988). Supervisory officials may be held liable under § 1983 only if they (1) affirmatively participate in acts that cause constitutional deprivation, or (2) implement unconstitutional policies that causally result in plaintiff's injury. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987).

■ Although Palm alleges that Warden Lindsey violated his Eighth Amendment rights by ignoring his complaints about extreme back and leg pain, he offers no evidence to show that Warden Lindsey either affirmatively participated in the alleged substandard medical care or implemented an unconstitutional policy that re-

sulted in injury to Palm. Accordingly, the Court finds that Defendants' Motion for Summary Judgment is GRANTED as to Palm's claim against Warden Lindsey.

### C. *Palm's Claims Against Nurse Wade*

Palm asserts that Nurse Wade violated his Eighth Amendment rights by refusing to agree with his assessment that he was suffering from a herniated disc during a medical examination in August 1998. Nurse Wade instead gave Palm an analgesic balm and told him the condition should improve with exercise.

■ A prison official violates a prisoner's Eighth Amendment rights if she is deliberately indifferent to the prisoner's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 103–04, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *See id.* at 104–06, 97 S.Ct. 285. "Subjective recklessness," as used in the criminal law, is the appropriate test for deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 838–40, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Evidence of sick call requests, examinations, diagnoses, and medications may rebut a prisoner's claim of deliberate indifference. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995). An inmate's disagreement with the medical treatment he has received is insufficient as a matter of law to state an Eighth Amendment violation. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Young v. Gray*, 560 F.2d 201 (5th Cir.1977).

■ Palm's disagreement with the medical care provided by Nurse Wade falls woefully short of proving deliberate indifference to his medical needs in violation of the Eighth Amendment. The very fact that Nurse Wade examined Palm after he

placed a sick call request is evidence that she did not display deliberate indifference to his medical needs. *See Norton,* 122 F.3d at 292. Because Palm submits precious little evidence to suggest deliberate indifference on the part of Nurse Wade, his Eighth Amendment claim against her must fail. Defendants' Motion for Summary Judgment is GRANTED as to Palm's claims against Nurse Wade.

### D. *Palm's Claim Against Wackenhut*

Finally, Palm alleges that Wackenhut is responsible under § 1983 for the negligence of Dr. Marr and Nurse Wade in their treatment of his back and leg problems. Unfortunately for Palm, however, allegations of malpractice or negligent care cannot support an action under § 1983. *See Mendoza v. Lynaugh,* 989 F.2d 191, 193 (5th Cir.1993) ("It is clear that negligent medical treatment is not a cognizable basis upon which to predicate a section 1983 action."); *Williams v. Treen,* 671 F.2d 892, 901 (5th Cir.1982) ("mere negligence in giving or failing to supply medical treatment would not support an action under section 1983."). As noted above, Palm has set forth little evidence suggesting that the jail medical staff were negligent or displayed deliberate indifference to his medical needs. In fact, a cursory review of Palm's medical file shows prompt attention to his medical requests by the medical staff, including the scheduling of several doctor's appointments. *See* App. to Def.'s Mot. for Summ. J. In the absence of any solid evidence that Dr. Marr, Nurse Wade, or other medical personnel were negligent in their treatment of Palm, the prisoner's claim against Wackenhut cannot survive summary judgment. Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment as to Wackenhut.[2]

### IV. *CONCLUSION*

After considering the dispositive motion submitted by Defendants Warden Lindsey, Nurse Wade, and Wackenhut, the Court determines that Defendants' Motion for Summary Judgment is hereby GRANTED as to all Defendants.

IT IS SO ORDERED.

---

**2.** The Court notes that although it granted summary judgment to the Defendants on the grounds that Palm failed to present sufficient evidence to satisfy the burden of proof on his claims, the Court could just as easily have dismissed Palm's claims pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of an *in forma pauperis* plaintiff's suit if the court determines that it is frivolous. Based on its review of the evidence submitted in this case, the Court concludes that Palm's claims indeed are frivolous, and would have been dismissed under § 1915(e)(2) if not for the granting of Defendants' Motion for Summary Judgment.