United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 7, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

―――――――――――――

No. 03-40493
Summary Calendar

―――――――――――――

BILLY D ROSBOROUGH

Plaintiff - Appellant

v.

MANAGEMENT & TRAINING CORPORATION,
UNIDENTIFIED SHIRLEY, Corrections Officer

Defendants - Appellees

--------------------
Appeal from the United States District Court
for the Eastern District of Texas

--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:

Billy Rosborough is a prisoner in the Bradshaw State Jail, a
Texas prison owned and operated by defendant Management and
Training Corporation ("MTC"), a private prison-management
corporation. Defendant Chris Shirley is a corrections officer
employed by MTC at the jail. Rosborough sued MTC and Shirley
under 42 U.S.C. § 1983 alleging that he was subjected to cruel
and unusual punishment in violation of the Eighth Amendment when
Shirley maliciously slammed a door on Rosborough's fingers,
severing two fingertips. Rosborough also alleges that Shirley

displayed deliberate indifference to Rosborough's resulting serious medical condition. In addition, Rosborough alleges that MTC is liable under 42 U.S.C. § 1983 for its improper training and supervision of Shirley. Rosborough supplemented his federal action with state-law negligence claims.

The district court sua sponte dismissed Rosborough's action on the ground that Shirley was an employee of MTC rather than an employee of the State of Texas and, therefore, was not acting under color of state law for purposes of suit under 42 U.S.C. § 1983. The court dismissed the supplemental state-law claims but did not address MTC's potential liability for failing to train Shirley. Rosborough appeals.

We review de novo the district court's decision to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 160 (5th Cir. 1995) (per curiam). We accept the plaintiff's factual allegations as true and uphold the district court's dismissal "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998) (internal quotation marks and citation omitted).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v.

Atkins, 487 U.S. 42, 48 (1988).  At issue here is the "under color of state law" requirement.  The district court assumed that this requirement prevented a person in private employ from being sued under § 1983.  The Supreme Court, however, has held that "[t]o act 'under color' of law does not require that the accused be an officer of the state."  Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970) (internal quotation marks and citation omitted).  Under the Supreme Court's "public function" test, a private entity acts under color of state law "when that entity performs a function which is traditionally the exclusive province of the state."  Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).  The Supreme Court has explained that "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations."  Evans v. Newton, 382 U.S. 296, 299 (1966).  Thus, the Supreme Court has found private actors to be susceptible to suit under § 1983.  E.g. West, 487 U.S. at 54-57 (holding that private doctor under contract with a state prison to provide medical care to prisoners acted under color of state law when he treated inmate).  Relevant to this case, the Supreme Court has suggested--though it has not actually held--that state prisoners might bring suit under § 1983 against privately-owned correctional facilities.  See Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 72 n.5 (2001) ("[S]tate prisoners . . . already enjoy a

right of action against private correctional providers under 42 U.S.C. § 1983.") (emphasis omitted); <u>Richardson v. McKnight</u>, 521 U.S. 399, 413 (1997) ("[We] have not addressed whether [prison guards] are liable under § 1983 even though they are employed by a private firm.").

In <u>Skelton v. Pri-Cor, Inc.</u>, the Sixth Circuit, relying on these Supreme Court precedents, held that a private company administering a state corrections facility could be sued under § 1983. 963 F.2d 100, 102 (6th Cir. 1991). The Sixth Circuit found determinative the fact that the corporation was "performing a public function traditionally reserved to the state." <u>Id.</u> (citing <u>Evans</u>, 382 U.S. at 299). The court reasoned that "the power exercised by [the private prison-management company] is 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" <u>Id.</u> (quoting <u>West</u>, 487 U.S. at 49). Moreover it found that "'[t]here is a sufficiently close nexus between the State and the challenged action of [the corporation] so that the action of the latter may be fairly treated as that of the State itself.'" <u>Id.</u> (quoting <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 351 (1974)). Thus, according to the Sixth Circuit, the private corporation "acted under color of law for purposes of § 1983." <u>Id.</u>

District courts within this circuit have similarly held that private prison-management companies and their employees are

subject to § 1983 liability because they are performing a government function traditionally reserved to the state. See, e.g., Palm v. Marr, 174 F. Supp. 2d 484, 487-88 (N.D. Tex. 2001); Kesler v. King, 29 F. Supp. 2d 356, 370-71 (S.D. Tex. 1998).

We agree with the Sixth Circuit and with those district courts that have found that private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury. Clearly, confinement of wrongdoers--though sometimes delegated to private entities--is a fundamentally governmental function. These corporations and their employees are therefore subject to limitations imposed by the Eighth Amendment. Accordingly, we find that the district court erred in dismissing Rosborough's § 1983 claim.

The district court's judgment is REVERSED, and the case is REMANDED for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.