**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 23, 2009

Charles R. Fulbruge III
Clerk

No. 07-60883
Summary Calendar

MARCO CARROTHERS

Plaintiff-Appellant

v.

LAWRENCE KELLY, Superintendent; STANLEY FLAGG, Associate Warden;
RICKY SCOTT, Internal Audit Division; MARY CRAFT, Case Manager;
CHRISTOPHER EPPS, Commissioner; Dr JOHN BEARRY; Medical Director;
LARRY HILL; Dr SANTOS

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-80

Before KING, GARWOOD and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Marco Carrothers, Mississippi prisoner # 65329, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint alleging failure-to-protect and inadequate medical care claims. On de novo review, *see Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912 (5th Cir. 1992), we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Carrothers argues that his Eighth Amendment rights were violated when he was stabbed by a fellow inmate, specifically alleging that defendant Ricky Scott knew the inmate was a threat to Carrothers and was deliberately indifferent to Carrothers's safety when he ordered defendant Mary Craft to classify Carrothers as a security threat group member and place him on the same unit as his attacker. To prevail on his failure-to-protect claim, Carrothers must establish deliberate indifference on the part of the defendants, i.e., that the defendants knew of but disregarded an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Prison records contradict Carrothers's testimony at the hearing on his motion for preliminary injunction that both he and Scott knew the offending inmate was a threat to his safety. Those records reveal that Carrothers gave a statement to officials shortly after his stabbing indicating that he did not anticipate the attack, that he never had problems with his attacker, and that he had played cards and checkers with him without incident.

Prison records additionally evince that Scott did not order Craft to reclassify Carrothers and house him in the same unit as his attacker. The records establish that decision was made by the classification committee based on the results of an investigation that revealed Carrothers was a known gang member and a validated security threat. Carrothers has supported his failure-to-protect claim with only his conclusional testimony regarding the defendants' knowledge that the offender posed a threat to his safety, and conclusional allegations or unsubstantiated assertions do not create a fact issue on summary judgment. *See Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006).

Carrothers also alleged that defendant Larry Hill was deliberately indifferent to his health and safety when Hill fled the tier while Carrothers was being stabbed. An officer's failure to take reasonable measures to protect an inmate from excessive force can give rise to § 1983 liability; however, the Constitution does not require unarmed officials to endanger their own safety in

order to protect a prisoner threatened with physical violence. *Longoria v. Texas*, 473 F.3d 586, 593-94 (5th Cir. 2006). Carrothers does not allege, and there is no evidence that, Hill was armed at the time of the assault. Prison records establish that Hill ordered the offending inmate to drop his "shank" and, when he refused, Hill radioed for help. Hill was the only officer on the tier at the time of the stabbing, and, therefore, his decision to leave the tier to obtain assistance was not unreasonable. *Longoria*. In light of the foregoing, Carrothers has failed to "set forth specific facts showing that there is a genuine issue for trial" concerning his failure-to-protect claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Carrothers additionally argues that Dr. John Bearry was deliberately indifferent to his serious medical need, a nerve injury secondary to the stab wounds, when Bearry failed to follow through with his plan to refer Carrothers to a specialist. To establish deliberate indifference to his serious medical needs, Carrothers must present evidence showing that he was refused treatment, his complaints were ignored, or he was intentionally treated incorrectly in utter disregard for his serious medical needs. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

The evidence supports the conclusion that Dr. Bearry did not follow through with his plan to refer Carrothers to either an orthopedist or a neurosurgeon. Nevertheless, the medical evidence does not show that there is a genuine issue as to whether, in so doing, Dr. Bearry was intentionally refusing to treat Carrothers or ignoring his complaints. At best, the evidence indicates that Dr. Bearry's failure was the result of negligence, and acts of negligence are not cognizable under § 1983. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

Insofar as Carrothers complains that he did not receive additional physical therapy sessions, he has failed to raise a cognizable § 1983 claim because he is merely in disagreement with the type of medical care provided. *See Varnado*,

920 F.2d at 321. The medical records indicate that Carrothers was prescribed a "*consultation* to physical therapy," which is what he received. He has shown no error on the part of the district court in this respect.

Finally, Carrothers's claim regarding the treatment for his rash also amounts to nothing more than a disagreement over the medical care received. The medical records establish that he was repeatedly treated for his rash both before and after his stabbing and was prescribed several different drugs over the course of that treatment. These facts do not rise to the level of deliberate indifference. *See Domino*, 239 F.3d at 756.

Insofar as Carrothers argues that the district court erred in denying his motions for leave to amend, to compel discovery, to sanction the defendants, and to reschedule the viewing of his x-rays, he has shown no abuse of discretion. *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998); *Wiwa v. Royal Dutch Petroleum, Co.*, 392 F.3d 812, 817 (5th Cir. 2004). He has similarly shown no abuse of discretion with regard to the district court's decision to allow the failure-to-protect defendants to file an out-of-time summary judgment motion, *see Huval v. Offshore Pipelines, Inc.*, 86 F.3d 454, 458 (5th Cir. 1996), or its decision to deny his FED. R. CIV. P. 59(e) motion to alter the judgment rendered dismissing his medical claims. *See Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

AFFIRMED.