# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40888
Summary Calendar

RANDY CHAPMAN

Plaintiff–Appellant

v.

FNU PACE, Hospital Administrator, Michael Unit; DR JACK THOMPSON,
Michael Unit; LINDA MCKNIGHT, R.N. Michael Unit; VIRGINIA
BUCHANAN, P.A., Michael Unit

Defendants–Appellees

Appeal from the United States District Court
for the Eastern District of Texas, Tyler Division
USDC No. 6:08-cv-00081

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Randy Chapman, Texas prisoner # 582570, appeals the dismissal of his *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint alleging inadequate medical care. After an evidentiary hearing, conducted in accordance with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), the district court dismissed Chapman's

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint under 28 U.S.C. § 1915A(b)(1) as frivolous and for failure to state a claim upon which relief may be granted. We review the district court's *sua sponte* dismissal *de novo*, *Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cir. 1998), and affirm.

Chapman suffered injuries while working on a ladder that fell over. Chapman landed on the ladder, breaking his left forearm and left leg. At the infirmary, Nurse Linda McKnight attended Chapman's injuries. Nurse McKnight provided Chapman with an ice pack, crutches, and acetaminophen and scheduled Chapman to see a doctor the following day. Chapman testified at his *Spears* hearing that Nurse McKnight initially thought that he required hospitalization, but that she changed her mind after she was informed that there were too few security guards on duty to provide transport. There is nothing in the medical record to indicate that hospitalization was considered.

Dr. Jack Thompson treated Chapman the next day. Medical records show that Dr. Thompson noted swelling and soreness but no obvious fractures. X-rays taken the following day revealed fractures of the left arm and left leg. Dr. Thompson placed casts on the broken left arm and left leg and issued an expedited referral to an orthopedic specialist. Ms. Pace, the medical unit administrator, cancelled Chapman's scheduled orthopedic appointment because of a unit lockdown. Another set of X-rays, performed after the casts were removed, revealed that Chapman's forearm had not healed properly. Chapman finally saw an orthopedic specialist approximately three months after his injury and he elected to have surgery to break and re-set the misaligned bone. Chapman continues to suffer limited functioning of his left arm.

Medical records show that restrictions were placed on Chapman's work assignments shortly after his injuries. While he awaited surgery, however, Physicians Assistant ("P.A.") Virginia Buchanan made an entry in Chapman's medical records that appeared to remove the medical restrictions. A note

accompanied the entry, indicating that Chapman should send a sick call request to the medical unit if any problems arose on a work assignment. Chapman subsequently re-injured his arm while working in the laundry room.

Chapman complained that (1) Nurse McKnight and Dr. Thompson failed to send him to the hospital after his injury, (2) Ms. Pace cancelled his orthopedic appointment, and (3) P.A. Buchanan lifted his medical restrictions. He sought damages for these alleged Eighth Amendment violations.

To succeed in this § 1983 action, Chapman must establish deliberate indifference to his serious medical condition, "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 765 (2001); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[A] prison official cannot be found liable under the Eight Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety . . . ."). An incorrect medical diagnosis is not sufficient to establish a claim. *Domino*, 239 F.3d at 765. Also, disagreement with a course of medical treatment will not suffice. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). To survive dismissal, Chapman must come forward with a triable issue of fact that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Medical records reviewed during the *Spears* hearing and, indeed, Chapman's own testimony, establish that prison medical officials were attentive to Chapman's medical needs. Both Nurse McKnight and Dr. Thompson treated Chapman's injuries and treatment continued well after his injuries. Chapman's disagreement with the treatment that he received does not establish a claim under § 1983 upon which relief may be granted. *See Estelle v. Gamble*, 429 U.S. 97, 99–101 (1976) (prisoner's § 1983 suit for alleged denial of medical treatment

dismissed for failure to state a claim, despite evidence of minor medical response in the face of repeated prisoner complaints); *Domino*, 239 F.3d at 753–54 (prison psychiatrist not deliberately indifferent for failing to predict prisoner's suicide after a five minute interview with prisoner); *Johnson*, 759 F.2d at 1237 (prisoner's suit dismissed upon state's showing of continuing medical treatment); *see also Carrothers v. Kelly*, 312 F. App'x 600, 602–3 (5th Cir. 2009) (unpublished) ("The evidence supports the conclusion that Dr. Bearry did not follow through with his plan to refer Carrothers to either an orthopedist or a neurosurgeon. . . . At best, the evidence indicates that Dr. Bearry's failure was the result of negligence, and acts of negligence are not cognizable under § 1983."). At most, Chapman's allegations against the defendants amounts to negligence. However, claimed negligence is not cognizable under § 1983, *Daniels v. Williams*, 474 U.S. 327, 329–30 (1986), therefore Chapman does not plead a viable § 1983 claim. *See Varnado*, 920 F.2d at 321.

The judgment is AFFIRMED.