# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11135
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 19, 2016

Lyle W. Cayce
Clerk

TRAVIS HUNTER BLANK,

Plaintiff - Appellant

v.

R.N. LINDA BELL,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-1327

Before BARKSDALE, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Travis Hunter Blank, federal prisoner # 16486-078, filed a 42 U.S.C. § 1983 complaint against Linda Bell, a nurse at the Rockwall County Jail, alleging she was deliberately indifferent to his serious medical needs (Crohn's disease and a preexisting neck injury), while he was a pretrial detainee at the jail. The district court granted Nurse Bell's motion for summary judgment on the basis of qualified immunity.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-11135

Although he had assistance of counsel in district court, Blank proceeds *pro se* on appeal. In challenging the summary judgment against four of his deliberate-indifference claims, Blank asserts Nurse Bell wrongfully: denied or delayed his requests to see Dr. Sandknop, the jail medical officer, for treatment of his Crohn's disease; refused to comply with hospital discharge instructions that he be seen by a specialist or outside doctor for that disease; failed to administer a special diet for that disease as allegedly ordered by Dr. Sandknop; and, deprived him narcotic pain medication for his neck injury. (Blank made other claims against Bell; but, he briefs only the four above-described claims on appeal. Accordingly, Blank is deemed to have abandoned the unbriefed claims. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).) For each of his four claims, Blank fails to establish the requisite genuine dispute of material fact, as discussed below.

A summary judgment is reviewed *de novo*, applying the same standards as the district court. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). To defeat summary judgment, the nonmovant must set forth specific facts showing the existence of a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences must be construed in favor of the nonmovant, and the court must not weigh evidence or determine credibility. *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009).

Upon an invocation of qualified immunity, however, "the usual summary judgment burden of proof is altered". *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Blank may not "rest on conclusory allegations and assertions" and "must demonstrate genuine [disputes] of material fact regarding the

reasonableness of [Nurse Bell's] conduct". *Id.* On the other hand, facts and reasonable inferences are still construed in Blank's favor. *Tolan v. Cotton,* 134 S. Ct. 1861, 1866 (2014).

The qualified immunity defense protects "all but the plainly incompetent or those who knowingly violate the law". *Malley v. Briggs,* 475 U.S. 335, 341 (1986). To defeat the defense of qualified immunity, Blank must plead facts to show: a violation of a constitutional or statutory right; and, in the light of clearly established law, Nurse Bell's conduct was objectively unreasonable. *E.g., Short v. West,* 662 F.3d 320, 325 (5th Cir. 2011).

Concerning the first prong of the qualified immunity analysis, violation of a constitutional or statutory right, all of Blank's contentions rest on Nurse Bell's alleged deliberate indifference to his need for medical care. "A pretrial detainee's constitutional right to medical care, whether in prison or other custody, flows from the . . . due process guarantees of the Fourteenth Amendment." *Wagner v. Bay City, Tex.,* 227 F.3d 316, 324 (5th Cir. 2000). "Liability for failing to provide such care attaches if [Blank] can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Id.*

"'Deliberate indifference' requires that the official have *subjective* knowledge of the risk of harm." *Id.* (emphasis in original). Therefore, Blank must demonstrate a genuine dispute of material fact that: Nurse Bell "had subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn"; she "drew that inference"; and her "response to the risk indicates [she] subjectively intended that harm occur". *Tamez v. Manthey,* 589 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks omitted). In other words, Blank must demonstrate a genuine dispute of material fact that Nurse Bell "refused to treat him, ignored his complaints, intentionally

treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs". *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Along that line, neither an incorrect diagnosis nor the failure to alleviate a significant risk that should have been perceived, but was not, is sufficient to establish deliberate indifference. *Id.* Unsuccessful treatment, medical malpractice, and acts of negligence do not constitute deliberate indifference; nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, a delay in treatment is not unconstitutional, unless there has been deliberate indifference that results in substantial harm. *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). In short, "[d]eliberate indifference is an extremely high standard to meet". *Domino*, 239 F.3d at 756.

First, Blank asserts the court erred in granting summary judgment against his claim that Nurse Bell impermissibly delayed or denied his access to Dr. Sandknop. Blank contends the evidence showed Nurse Bell failed to contact Dr. Sandknop about the deterioration of his Crohn's condition for long periods of time.

Blank points to no evidence in the record to substantiate that belief. At his deposition, he admitted he did not have any evidence that Nurse Bell kept him from seeing Dr. Sandknop. A party may not rely upon unsubstantiated or conclusory assertions. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). Dr. Sandknop attested that Nurse Bell did not interfere with his treatment of Blank and he was unaware that anyone at the jail, including Nurse Bell, failed to comply with any of his orders relating to Blank's treatment. Contrary to Blank's assertion, and as noted above, the court was not required to assume that his unsubstantiated allegations regarding his

access to Dr. Sandknop were true. *See* Fed. R. Civ. P. 56(e); *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

Blank's desire to see Dr. Sandknop more often amounts to a disagreement over his treatment, which, as discussed *supra*, does not rise to the level of deliberate indifference. *See Gobert*, 463 F.3d at 346. Even if Blank could show he should have seen Dr. Sandknop more, and Nurse Bell was aware of that need, but denied or delayed access, at best, he alleges medical malpractice or negligence, which, as stated *supra*, are insufficient to establish a constitutional violation. *Id.*

Second, Blank contends the court erred in granting summary judgment against his claim that Nurse Bell denied him access to a specialist. He relies heavily upon the fact that, following his three hospitalizations, his discharge instructions directed he see a specialist or other outside private general practitioner. Blank asserts the evidence shows Nurse Bell consciously chose to ignore the hospital-discharge instructions in that regard.

Although the intentional failure to schedule an appointment with a specialist may amount to deliberate indifference when it causes substantial harm, the negligent failure to schedule an appointment does not. *See, e.g., Carrothers v. Kelly*, 312 F. App'x 600, 602–03 (5th Cir. 2009) (unpublished); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). The undisputed evidence showed that, when a person incarcerated at the jail returned from the hospital with discharge instructions directing he see an outside doctor or specialist, the decision to make the referral remained with Dr. Sandknop. Blank does not contest that, following each of his hospitalizations, Dr. Sandknop either saw him personally or prescribed the medications indicated on the discharge instructions. Blank's allegation he should have been seen by a specialist amounts to a disagreement about his course of medical treatment or

negligence, which, again, is not actionable. *See Gobert*, 463 F.3d at 346. Moreover, a decision not to prescribe treatment recommended by an outside physician does not constitute deliberate indifference. *See, e.g., Stewart*, 174 F.3d at 535.

Third, Blank maintains Nurse Bell was deliberately indifferent to his serious medical needs when she disregarded Dr. Sandknop's direct order that he be given a special diet (the avoidance of spicy and fried foods). "Prison officials have a constitutional obligation to provide reasonably adequate food" to inmates. *Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994).

Although Blank may have interpreted Dr. Sandknop's statement that he should "avoid" spicy and fried foods as a medical order, no such written order appears in the record. Blank did not challenge Dr. Sandknop's statement that, if he ordered a special diet, it would have been included in the progress notes. Further, Nurse Bell did not recall discussing a special diet with Dr. Sandknop at any time. Blank's unsubstantiated and subjective belief that Dr. Sandknop ordered a special diet is insufficient. *See Morris*, 144 F.3d at 380.

Blank's unsupported assertion that "special diets are required" for Crohn's patients and that Bell's failure to administer such a diet supports a finding of deliberate indifference similarly fails. Dr. Sandknop stated there were no medically specialized diets for Crohn's patients, and Blank did not challenge this assertion. To the extent he maintains a special diet should have been ordered, such a contention amounts to a disagreement with the course of his medical treatment and, again, is not actionable. *See Gobert*, 463 F.3d at 346.

In addition, the evidence indicated that, when Nurse Bell learned Blank began rejecting his food, she went to great lengths to provide him with alternative nutrients and made requests for specialized food trays. Blank fails

to demonstrate that Nurse Bell intentionally delayed or denied him access to proper nutrition or otherwise engaged in any conduct that indicated "a wanton disregard for any serious medical needs". *Domino*, 239 F.3d at 756.

Fourth, and finally, Blank maintains the court erred in granting summary judgment against his claim that Bell was deliberately indifferent to his alleged neck injury; specifically, her failure to provide a narcotic painkiller. The record showed Nurse Bell did not have the authority to prescribe medications, and it was in Dr. Sandknop's discretion whether to follow any medication prescriptions in Blank's hospital-discharge instructions. Accordingly, Blank fails to show Nurse Bell acted with deliberate indifference. *See id*.

AFFIRMED.