# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2022

Lyle W. Cayce
Clerk

No. 21-10467
Summary Calendar

John David Kennemer,

*Plaintiff—Appellant*,

*versus*

Parker County, Texas; La Salle Southwest
Corrections; Larry Fowler, Sheriff of Parker County;
Jack County, Texas; Tom Spurlock, Sheriff of Jack
County; Jay Eason; FNU Garcia, Correctional Officer;
Warden John Doe; Corporal John Doe; James Robinson;
FNU Coffee; John Does 1-7; Officer Jane Doe,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-56

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-10467

Appellant John Kennemer brought the instant case, proceeding pro se and in forma pauperis, under 42 U.S.C. § 1983. He alleges constitutional and statutory violations promulgated by the above-captioned individuals, municipalities, and municipal entities while Kennemer was detained at county jails in Parker County, Texas, and Jack County, Texas. Because Kennemer proceeded against "a governmental entity or officer or employee of a governmental entity," the Prison Litigation Reform Act ("PLRA") required the district court to review the complaint and dismiss it if it was "frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). Kennemer's in forma pauperis status also subjected him to sua sponte dismissal if his case was "frivolous or malicious"; "fail[ed] to state a claim on which relief may be granted"; or sought "monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B).

Applying these standards, the district court dismissed several of Kennemer's claims and entered a final judgment under Federal Rule of Civil Procedure 54(b) as to those claims such that we have jurisdiction over Kennemer's timely interlocutory appeal as to those claims. We conclude no error as to this judgment.

First, as to the municipalities and municipal entities—Parker County, Jack County, and La Salle Southwest Corrections[1]—Kennemer failed to properly allege municipal liability as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). "To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy

---

[1] Even though LaSalle is a private corporation, it is subject to the same rules as municipalities because private prisons engage in "a fundamentally governmental function." *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) (per curiam).

(2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Trammell v. Fruge*, 868 F.3d 332, 344 (5th Cir. 2017) (internal quotation marks and citation omitted). But, as the district court pointed out, Kennemer's pleadings "never recite[] a particular policy, practice, or custom of any of these entities implemented by a policy maker that caused him to sustain injury."

Second, as to the defendants who were supervisors of those municipalities and municipal entities—Parker County Sheriff Larry Fowler, Jack County Sheriff Tom Spurlock, and La Salle Director of Operations Jay Eason—Kennemer failed to show that these individuals had any personal involvement in the incidents he complains of. Supervisors cannot be liable for the actions of others and must be deliberately indifferent to violations of a prisoner's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) ("Only the direct acts or omissions of government officials, not the acts of subordinates, will give rise to individual liability under § 1983."). Kennemer does not plead deliberate indifference. *Cf. Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010) ("Proof of deliberate indifference normally requires a plaintiff to show a pattern of violations and that the inadequate training or supervision is obvious and obviously likely to result in a constitutional violation." (internal quotation marks and citation omitted)).

Third, Kennemer claims that the officers that transported him between the facilities he was held at—Officers Garcia, Robinson, and various unnamed officers—did so under unsafe conditions. For episodic acts, such as those that occurred to Kennemer, this court has adopted a subjective deliberate indifference standard. *See Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996). Again, Kennemer failed to adequately plead subjective deliberate indifference.

Fourth, because the Americans with Disabilities Act does not permit individual liability, the district court properly dismissed those claims. *Cf. Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999) (in the context of the Rehabilitation Act).

Fifth, because Kennemer is no longer at either the Parker County or Jack County facilities, his claims for injunctive relief are moot. *Cf. Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) ("[Plaintiff's] transfer from the ECDC to the Dixon Correctional Institute in Jackson, Louisiana, rendered his claims for declaratory and injunctive relief moot.").

AFFIRMED and REMANDED.[2]

---

[2] The case is remanded only because there are pending claims that were not part of this appeal.