# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2023

Lyle W. Cayce
Clerk

————————

No. 22-30388

————————

Raymond Harold Kimble, III,

*Plaintiff—Appellant*,

*versus*

CorrectHealth Jefferson, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-409

———————————————————————

Before Dennis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:*

Raymond Harold Kimble, III is a pretrial detainee at the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana. Kimble claims CorrectHealth Jefferson, LLC ("CHJ")—the medical care provider at JPCC—denied him adequate care. The district court granted CHJ's Rule 12(b)(6) motion to dismiss. We affirm.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30388

Kimble alleges that CHJ responded inadequately and unconstitutionally to injuries he suffered in 2020 at JPCC. According to Kimble, he injured himself by lifting heavy boxes on March 11, by slipping and falling in the bathroom on December 17, and by slipping and falling after taking a shower on December 19. Although CHJ staff examined Kimble, ordered x-rays, and prescribed and administered medication, Kimble nevertheless claims they provided constitutionally deficient medical care—namely, by ignoring his requests for specific types of care such as appointments with certain medical professionals.

Kimble filed a *pro se* complaint under 42 U.S.C. § 1983 against various defendants, including CHJ. He alleges that CHJ has a policy or practice of wantonly disregarding detainees' serious medical needs, which he says was the moving force behind the CHJ staff's alleged indifference to his 2020 injuries. The magistrate judge disagreed. She determined that the facts alleged in Kimble's complaint did not rise to the level of deliberate indifference and thus could not support a constitutional violation. Accordingly, she recommended that CHJ's motion to dismiss be granted and that Kimble's claims against CHJ be dismissed with prejudice. The district court so ordered.

Kimble timely appealed. Our jurisdiction is proper under 28 U.S.C. § 1291. We review the district court's motion-to-dismiss ruling *de novo* and apply the same standards. *Dyer v. Houston*, 964 F.3d 374 (5th Cir. 2020).

Both parties agree that CHJ should be treated as a municipal or local governmental entity for purposes of § 1983. *See Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) (per curiam); *Kennemer v. Parker Cnty.*, 2022 WL 2610239, at *1 n.1 (5th Cir. July 8, 2022) (per curiam) ("Even though LaSalle is a private corporation, it is subject to the same rules as municipalities because private prisons engage in a fundamentally

2

governmental function." (quotation omitted)). To state a claim against such a local entity, Kimble must plead facts that plausibly establish "that (1) an official policy (2) promulgated by [a relevant] policymaker (3) was the moving force behind the violation of [his] constitutional right[s]." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

Even assuming Kimble's complaint satisfies the first two prongs, it fails the third. Kimble asserts a Fourteenth Amendment deliberate-indifference claim. *See Cadena v. El Paso Cnty.*, 946 F.3d 717, 727 (5th Cir. 2020) (pretrial detainees' deliberate-indifference claims are rooted in the Fourteenth Amendment, while those of convicted prisoners stem from the Eighth); *Baughman v. Hickman*, 935 F.3d 302, 306 (5th Cir. 2019) (subjecting Eighth and Fourteenth Amendment deliberate-indifference claims to the same analysis). To survive CHJ's motion to dismiss, Kimble must plead facts demonstrating that CHJ staff were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," that they "actually drew the inference" and "disregarded that risk," and that "substantial harm resulted." *Baldwin v. Dorsey*, 964 F.3d 320, 326 (5th Cir. 2020) (quotation omitted). Put differently, Kimble must plausibly allege that CHJ staff believed he was at substantial risk of serious harm and that they nonetheless "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for [his] serious medical needs." *Davis v. Lumpkin*, 35 F.4th 958, 963 (5th Cir. 2022) (quotation omitted).

Kimble does not meet this "extremely high standard." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). As Kimble himself acknowledges in his complaint, CHJ staff were attentive to his maladies and responsive to his mishaps. After Kimble injured himself carrying boxes on March 11, he was quickly evaluated and given "remedies to help resolve the pain and stiffness." When the pain did not abate, he was later evaluated by a

nurse practitioner (twice), diagnosed with "swollen nerves," and provided "a pill twice a day to keep the nerve from swelling." After Kimble slipped and fell on December 17, CHJ staff "brought [him] to the clinic by wheelchair," where he was examined by the nurse practitioner, observed overnight, and ultimately shuttled to University Medical Center ("UMC") for x-rays. Finally, after Kimble slipped and fell on December 19, a CHJ nurse "immediately" examined him for a concussion and "concluded that ice packs were needed [as well as] some form of pain relief." This is a far cry from the "wanton" or "reckless" disregard that the Fourteenth Amendment protects against. *Baughman*, 935 F.3d at 307; *see also Bejaran v. Cruz*, 79 F. App'x 73, 74 (5th Cir. 2003) (per curiam) ("Bejaran's admission in his complaint that the prison medical staff took x-rays of his back and that Mrs. Osha gave him 'generic,' 'mild medications' refute his assertion of deliberate indifference to his medical needs.").

In response, Kimble claims that CHJ's reliance on LPNs (licensed practical nurses) and CNAs (certified nursing assistants) delayed his ability to meet with more "educated" and "qualified" health care professionals. He also highlights one instance where CHJ staff forgot to bring him ice packs and anti-inflammatories, and another where CHJ allegedly pursued a different treatment plan than the one suggested at UMC. But if "[u]nsuccessful medical treatment," "disagreement with medical judgments," "acts of negligence," and "medical malpractice [are] not enough to meet [the deliberate-indifference] standard," then Kimble's allegations likewise fail. *Davis*, 35 F.4th at 963 (quotation omitted); *see also Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) ("The mere delay of medical care can also constitute a[] [constitutional] violation but *only if* there has been deliberate indifference that results in substantial harm." (emphasis added) (quotation omitted)); *Blank v. Bell*, 634 F. App'x 445, 449 (5th Cir. 2016) (noting that prison physicians have "discretion whether to follow any medication prescriptions

in [an inmate's/detainee's] hospital-discharge instructions"); *Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999) (similar).

Accordingly, Kimble fails to plausibly allege a Fourteenth Amendment deliberate-indifference violation. His § 1983 claims against CHJ cannot proceed without an underlying constitutional violation. *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017) ("As is well established, every *Monell* claim requires an underlying constitutional violation." (quotation omitted)).

AFFIRMED.