United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 30, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 03-30243

————————

UNITED STATES OF AMERICA, ex rel, DONALD PATRICK J ADRIAN,

Plaintiff - Appellant,

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA; LAWRENCE LIVERMORE NATIONAL LABORATORY; RONALD COCHRAN; ANTHONY CHARGIN; ROBERT BURLESON; DANIEL THOMPSON; GEORGE WEINERT; BIOMEDICAL RESEARCH FOUNDATION OF NORTHWEST LOUISIANA; LOUISIANA CENTER FOR MANUFACTURING SCIENCES; JOHN SHARP,

Defendants - Appellees.

————————————————————————

Appeal from the United States District Court
For the Western District of Louisiana

————————————————————————

Before EMILIO M. GARZA, DeMOSS, and CLEMENT, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Donald Patrick J. Adrian, Relator-Appellant, filed a sealed complaint under the *qui tam* provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b), on behalf of the United States of America in the United States District Court for the Northern District of California (the "California

court"). The complaint alleged that the Regents of the University of California ("Regents") as manager of the Lawrence Livermore National Laboratory ("Livermore") violated the FCA.[1] Adrian subsequently amended this complaint to include as defendants Livermore employees Ronald Cochran, Anthony Chargin, Robert Burleson, Daniel Thompson and George Weinert (collectively these individuals, the Regents, and Livermore are referred to as the "California Defendants"). The first amended complaint also named Biomedical Research Foundation of Northwest Louisiana, Louisiana Center for Manufacturing, and John Sharp, the president of both companies, as defendants (collectively these companies and Sharp are referred to as the "Louisiana Defendants"). After the United States government declined to intervene, the complaint was unsealed and served on the defendants.

All of the defendants filed motions to dismiss in the California court. The Louisiana Defendants also filed a motion to transfer the case to the Western District of Louisiana (the "Louisiana court"). The California court found that the FCA did not provide a cause of action against the California Defendants and granted their motion to dismiss because the complaint failed to state a claim upon which relief could be granted. *See Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 787-88, 120 S. Ct. 1858 (2000) (holding that the FCA "does not subject a State (or state agency) to liability in [private relator] actions"); FED. R. CIV. P. 12(b)(6). The California court then transferred the case to Louisiana. It did not rule on the Louisiana Defendants'

---

[1] It is a violation of the FCA when "any person" *inter alia* "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval;" or "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;" or "conspires to defraud the Government by getting a false or fraudulent claim allowed or paid." 31 U.S.C. § 3729(a)(1)-(3).

motions to dismiss the first amended complaint for failure to allege fraud with particularity. FED. R. CIV. P. 9(b). Adrian filed a second amended complaint in the Louisiana court. The Louisiana Defendants filed new motions to dismiss claiming the second amended complaint also failed to plead fraud with the specificity required by FED. R. CIV. P. 9(b). The Louisiana court granted these motions to dismiss and refused to allow Adrian another opportunity to amend his complaint. Adrian appeals both district court orders claiming that 1) the California court erred when it found the FCA did not provide a cause of action against Livermore and the California Regents; 2) the California court erred when it dismissed the complaint against the individual Livermore employees; and 3) the Louisiana court erred by refusing to allow Adrian to file another amended complaint before dismissing the case with prejudice.[2] As discussed below, both the California court and the Louisiana court acted properly in this case.

Adrian argues the California court improperly found that the Regents is an arm of the state of California and that consequently the FCA did not provide a cause of action against it. *See Stevens*, 529 U.S. at 787-88 (the FCA does not provide a cause of action against state agencies). He contends *Stevens*, where all parties agreed the defendant was a state agency, differs from this case because the Regents is organized as a corporation with the power to "sue and be sued," *see* CAL. CONST. art. IX, § 9(a), (f), and municipal or public corporations are subject to FCA claims. *See Cook County v.*

---

[2] Neither party challenges, nor briefs, our jurisdiction to hear the appeal from the California court's order. *Cf. Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992) (holding that an out-of-circuit pre-transfer decision dismissing some of the claims against the defendants is appealable to this Court after a district court in this circuit enters final judgment on the remaining claims). The California court did not issue a FED. R. CIV. P. 54(b) certification in this case. Consequently, there was no final order in this case before the Louisiana court issued its order dismissing the Louisiana Defendants. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir. 2001) (noting that a motion to dismiss is not an appealable order until a court order disposes of all of the claims or the district court issues a Rule 54(b) certification).

*United States ex rel. Chandler*, 538 U.S. 119, 127-29, 123 S. Ct. 1239 (2003) (distinguishing municipal or public corporations from state agencies for purposes of FCA liability). Further, Adrian argues t hat even if the Regents is a state agency when performing its main educational mission, it ceases to act as an arm of the state in its capacity as manager of the Livermore laboratory because Livermore competes against private companies in a commercial arena instead of performing the functions of a state agency.

We review *de novo* a dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6). *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 460 (5th Cir. 2003). While we have not previously determined whether the Regents is an arm of the state of California, the Ninth Circuit has consistently found that the Regents is an arm of the state for purposes of 28 U.S.C. § 1983 and the Eleventh Amendment even though it is organized as a corporation with the power to sue and be sued. *See*, *e.g.*, *Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir. 1992) ("The Regents, a corporation created by the California constitution, is an arm of the state for Eleventh Amendment purposes, and therefore is not a 'person' within the meaning of section 1983."). Further, the Ninth Circuit recently held that the Regents, as manager of a university hospital, is not subject to FCA claims by private relators because the Regents is a state entity under *Stevens*. *See Donald v. Univ. of Cal. Bd. of Regents*, 329 F.3d 1040, 1043-44 (9th Cir. 2003). Finally, the Ninth Circuit has also held that the Regents acts as an arm of the state when managing Livermore. *See Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (holding that the Regents, as manager of Livermore, is entitled to Eleventh Amendment immunity in a breach of contract case). We see no reason to deviate from this consistent line of precedent. The California court properly dismissed the FCA claims against the Regents and Livermore because those entities are California state agencies and the FCA

-4-

does not provide a cause of action against state agencies.[3]  *See Stevens*, 529 U.S. at 787-88.

Adrian argues that the California court improperly dismissed the complaint against the Livermore employees.  This claim is also reviewed *de novo*.  *Rosborough*, 350 F.3d at 460; *see also Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1138 (5th Cir. 1992) (Fifth Circuit precedent governs the appeal of pre-transfer out-of-circuit decisions to this Court).  We have not previously considered when state agency employees qualify as "persons" under the FCA.  In the context of a § 1983 claim, however, the Supreme Court held that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and consequently "it is no different from a suit against the State itself."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'  As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.") (citations omitted).  In light of this precedent, we hold that claims against state agency employees in their official capacities are treated as claims against the state agency for purposes of the FCA.  *See United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932, 936 (8th Cir. 2001) (holding that the FCA does not permit a suit against a state

---

[3] On appeal Adrian also claimed that the Regents and Livermore were subject to suit under the FCA because 1) the "sue and be sued" language in the California constitution constitutes a waiver of any immunity the University may have transformed the Regents into a normal corporation, and 2) the contract with the federal government in this case included a waiver of the Regents' immunity from FCA liability. The Regents and Livermore are state agencies for purposes of the FCA and the FCA does not provide a cause of action against state agencies. *See Stevens*, 529 U.S. at 787-88. Thus, we do not need to consider either of Adrian's  waiver arguments. *Id*. at 779-80 (directing courts to consider the FCA statutory analysis before inquiring into any Eleventh Amendment immunity).

official in their official capacity). Thus, there is no FCA cause of action against the Livermore employees in their official capacities. *See Stevens*, 529 U.S. at 787-88.

Although it is unclear whether the first amended complaint named the Livermore employees in their official or in their personal capacities, the course of the proceedings in this case demonstrates that these employees were only named in their official capacities. *See Graham*, 473 U.S. at 167 n.14 ("In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically indicate the nature of the liability sought to be imposed.") (citations omitted). The California Defendants clearly stated, in both the initial and the reply memoranda supporting their motion to dismiss, that the Livermore employees should be dismissed because they were only named in their official capacity. Adrian never challenged this assertion, arguing only that these employees were subject to liability because the Regents and Livermore were subject to liability. In its analysis of this motion to dismiss, the California court did not distinguish between the Livermore employees and Livermore. Thus, the course of proceedings in this case clearly indicates that in the first amended complaint the Livermore employees were only named in their official and not in their personal capacities.[4] The California court correctly dismissed the Livermore employees because the FCA does not provide a cause of action against state agency employees in their official capacity.[5]

---

[4] As we hold that the Livermore employees were named in only their official capacities, we need not address any potential cause of action under the FCA against state officials in their personal capacities.

[5] Adrian also argued on appeal that this case was incorrectly transferred to the Louisiana court because the California Defendants should not have been dismissed. We review a district court's decision to transfer a case for abuse of discretion. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 n.3 (5th Cir. 1997). The California court properly dismissed the California Defendants from this case, eliminating Adrian's only challenge to the transfer of this case.

Adrian claims that the Louisiana court improperly refused his request for an additional opportunity to amend his complaint before dismissing his second amended complaint with prejudice because it failed to plead fraud with specificity.[6] FED. R. CIV. P. 9(b). We review the decision to deny a party leave to amend its complaint for abuse of discretion. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Leave to amend should be freely given, FED. R. CIV. P. 15(a), and outright refusal to grant leave to amend without a justification such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." is considered an abuse of discretion. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *see also Humana Health Plan*, 336 F.3d at 386 (citing *Foman* for examples of permitted reasons to deny leave to amend).

When Adrian opposed the Louisiana Defendants' motions to dismiss before the California court he claimed that, if necessary, he could allege additional facts to support his fraud claims. Based on this assertion, the Louisiana court asked Adrian to seek leave to amend his complaint so the court could have all amended allegations before it when considering the pleadings. Although the order dismissing the second amended complaint was the first time a court ruled that Adrian failed to plead

---

[6] Adrian asserts in the issues presented portion of his brief that the Louisiana court incorrectly found that his second amended complaint failed to plead fraud with particularity. In the argument portion of his brief, however, Adrian cites no cases supporting this claim, does not specifically address the requirements of FED. R. CIV. P. 9(b), points to no facts included in the second amended complaint fulfilling these requirements, and expressly states that his argument is focused on the Louisiana court's refusal to allow him another opportunity to amend. *See Trico Marine Assets Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 790 n.6 (5th Cir. 2003) ("Issues not raised or argued *in the brief* of the appellant may be considered waived and thus will not be noticed or entertained by the court of appeals.") (citation omitted, emphasis in original). Even assuming this claim is not waived, Adrian still has not articulated any facts that fulfill his burden under FED. R. CIV. P. 9(b).

fraud with specificity, Adrian drafted this complaint after receiving the objections raised in the Louisiana Defendants' motions to dismiss his first amended complaint. When the Louisiana Defendants challenged the second amended complaint, Adrian again claimed he could add additional detail if necessary. The Louisiana court refused to allow Adrian to file a third amended complaint, stating "pleadings review is not a game where the plaintiff is permitted to file serial amendments until he finally gets it right. One opportunity to amend, in the face of motions that spelled out the asserted defects in the original pleadings, was sufficient under the circumstances."

Adrian has not indicated what additional facts he could plead that would correct the deficiencies in his previous complaints. Accordingly, the district court did not abuse its discretion in this case. *See Humana Health Plan*, 336 F.3d at 387 (holding leave to amend was properly denied in an FCA case where the plaintiff had already had two opportunities to amend and "[t]he record indicates that the second instance in which the district court granted [the Relator] leave to amend was to cure the complaint's lack of specificity, which is the same basis on which [the Relator] now argues he should be allowed to amend for a third time"); *see also Goldstein v. MCI WorldCom*, 340 F.3d 238, 255 (5th Cir. 2003) (finding no abuse of discretion when the plaintiff "did not proffer a proposed second amended complaint to the district court, and did not suggest in their responsive pleading any additional facts not initially plead that could, if necessary, cure the pleading defects raised by the defendants").

For the reasons discussed above, we hold that the California court correctly dismissed the claims against the California Defendants because the FCA does not provide a cause of action against state agencies or state agency officials in their official capacity. The Louisiana court did not abuse its discretion by dismissing Adrian's claims against the Louisiana Defendants for failing to plead fraud

with specificity and without granting leave to further amend the complaint.  The judgments of both

district courts are AFFIRMED.