# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-31140
Summary Calendar

United States of America, ex rel, DONALD PATRICK J ADRIAN

Plaintiff - Appellant

v.

REGENTS OF THE UNIVERSITY OF CALIFORNIA,

Defendant

v.

UNITED STATES OF AMERICA,

Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:02-CV-381

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Donald Adrian seeks review of the district court's denial of his motion to reopen. We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

In 1999, Adrian filed a sealed complaint under the *qui tam* provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b), against, *inter alia*, the Regents of the University of California (the "Regents") and certain Louisiana-based defendants in the Northern District of California. The United States declined to intervene. The California district court granted the Regents' motion to dismiss for failure to state a claim upon which relief could be granted in light of *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765 (2000), in which the Supreme Court held that suits against state agencies cannot be brought under the FCA. *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, No. C 99-3864 TEH, 2002 U.S. Dist. LEXIS 3321, at *6–9 (N.D. Cal. Feb. 25, 2002). The California court also granted the Louisiana-based defendants motion to transfer the case to the Western District of Louisiana. *Id.* at *9–14. The Louisiana district court subsequently dismissed the claims against the Louisiana defendants, and Adrian appealed both dismissals to this Court. We affirmed. *United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 401–04 (5th Cir. 2004).

On September 29, 2008, Adrian filed a motion to reopen, citing Rules 54(b) and 60(b) and alleging that he is entitled to a share of the proceeds of a settlement agreement (the "Settlement") reached by the Regents and the United States while Adrian's first appeal to this Court was still pending and which covered, *inter alia*, the claims in Adrian's *qui tam* complaint.[1] Under the terms of the Settlement, the United States agreed to file a motion or stipulation to

---

[1] Adrian also filed a separate lawsuit, not at issue here, seeking a share of the Settlement.

dismiss Adrian's claims against the Regents with prejudice if this Court reversed their dismissal. The district court denied his motion, and Adrian timely appealed.

## II

A district court's decision as to whether a judgment is final is reviewed de novo. *See Waldorf v. Shuta*, 142 F.3d 601, 608 (3d Cir. 1998). "The decision to grant or deny 60(b) relief lies in the sound discretion of the district court and will be reversed only for an abuse of that discretion." *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir. 2001) (quotation omitted).

## III

Adrian argues that (1) no final judgment has been entered in his *qui tam* suit because his statutory entitlement to a share of the proceeds from the Settlement has never been adjudicated,[2] and (2) he is in any case entitled to relief from judgment under Rule 60(b)(6) because the United States failed to notify him of the Settlement.[3] With respect to the first argument, there is no doubt that the judgment entered disposed of all the claims before the district court. That Adrian now wishes to raise new claims and arguments on the basis of facts not before the district court does not affect the judgment's finality under Rule 54(b)—that situation is properly addressed under Rule 60(b).

Adrian's argument under Rule 60(b) is based on the premise that he is

---

[2] *See* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.")

[3] *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief.").

entitled to a share of the Regents' payment to the United States under 31 U.S.C. § 3730(c)(5), which preserves the rights of *qui tam* plaintiffs when the Government pursues an "alternate remedy." *See United States ex rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 647 (6th Cir. 2003) (an "'alternate remedy' [for the purposes of 31 U.S.C. § 3730(c)(5)] refers to the government's pursuit of any alternative to intervening in a relator's *qui tam* action."). As several of our sister circuits have held, however, under the FCA a relator may only share in the proceeds of an alternate remedy if he or she has a valid complaint:

> [A] relator is not entitled to a share in the proceeds of an alternate remedy when the relator's *qui tam* action under § 3729 is invalid: As § 3730(c)(5) provides, a relator's rights in an alternate remedy proceeding are the "same rights" that the relator would have had if the action had proceeded under the FCA. The relator's rights to a qui tam award in an FCA action are delineated in § 3730(d), which section applies only in "an action brought by a person under subsection (b)." *Id.* § 3730(d)(1). Subsection (b), in turn, refers to an action brought for "a violation of section 3729." *Id.* § 3730(b)(1). The statute evinces no intent to compensate relators who bring unfounded § 3729 claims, whether the claims are legally or factually unfounded.

*United States ex rel. Hefner v. Hackensack Univ. Med. Ctr.*, 495 F.3d 103, 112 (3d Cir. 2007); *see United States ex rel. Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 522 (6th Cir. 2007) ("Absent a valid complaint which affords a relator the possibility of ultimately recovering damages, there is no compelling reason for allowing a relator to recover for information provided to the government."); *see also Donald v. Univ. of Cal. Bd. of Regents*, 329 F.3d 1040, 1044 (9th Cir. 2003) (holding that relators had no right of recovery in a suit in which the United States intervened and settled because "[a] private party . . . has a legal right to recovery only from a *qui tam* action brought pursuant to § 3730(b)(1), which is

in turn dependent on the private party having a valid cause of action under § 3729(a)" and relators did not have a valid cause of action in light of *Stevens*). Because, as we have already held, Adrian did not have a valid *qui tam* claim against the Regents, *Adrian*, 363 F.3d at 404, he was not entitled to share in the proceeds of the Settlement, and, therefore, the district court did not abuse its discretion in denying his motion to reopen under Rule 60(b).

## IV

For the foregoing reasons, the judgment of the district court is AFFIRMED.