# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40003

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2016

Lyle W. Cayce
Clerk

ARTHUR ROGERS,

Plaintiff - Appellant

v.

CITY OF YOAKUM; KEVIN COLEMAN, Individually and in his capacity as City Manager of the City of Yoakum, Texas; ANITA R. RODRIGUEZ, Individually and in her capacity as Mayor of the City of Yoakum, Texas; ELORINE SITKA, Individually and in her capacity as Mayor Pro-Tem of the City of Yoakum, Texas; RODNEY JAHN, Individually and in his capacity as Councilmember on the City of Yoakum's City Counsel; TIM MCCOY, Individually and in his capacity as Councilmember on the City of Yoakum's City Counsel; TIM FAULKNER, Individually and in his capacity as Councilmember on the City of Yoakum's City Counsel; TERESA BOWE, Individually and in her capacity as City Secretary and Personnel Officer of the City of Yoakum, Texas,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:15-CV-44

Before STEWART, Chief Judge, and CLEMENT and HAYNES, Circuit Judges.

PER CURIAM:*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40003

Plaintiff Arthur Rogers sued the City of Yoakum and various city officials alleging causes of action under 42 U.S.C. § 1983, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, the Texas Declaratory Judgments Act, TEX. CIV. PRAC. & REM. CODE § 37.001–.011, and Texas state law. Rogers appeals the district court's dismissal of his claims under Federal Rule of Civil Procedure 12(b)(6). We AFFIRM.

## I. Background

Rogers served as the Chief of Police and a peace officer for the City of Yoakum (the "City") from December 2007 until he was terminated on July 9, 2014. In or around October of 2011, Adult Protective Services contacted Rogers to report suspected mistreatment of an elderly citizen by Charles Kvinta, the City Attorney, who also had a private law practice. Rogers undertook an investigation of these allegations. Ultimately, because the allegations involved a City official, he reported them to the Texas Rangers for their assistance in the investigation.

Kevin Coleman was hired by the City to serve as City Manager in December of 2011. Rogers alleges Coleman was perturbed by Rogers's investigation of Kvinta.

In June of 2014, a Lavaca County Attorney requested that Coleman view a video of an incident where a City police officer deployed a taser to subdue a suspect in a questionable manner. Coleman brought this video to Rogers's attention and requested that Rogers investigate the video and report his findings to Coleman. Coleman was not satisfied with Rogers's handling of the incident. Citing Rogers's handling of this incident as well as other deficiencies, Coleman terminated Rogers; Rogers alleges this was done with the approval of other city officials. Rogers alleges that this termination occurred without Coleman providing Rogers any written notice of the Lavaca County Attorney's report and without an investigation into the incident.

2

No. 16-40003

Rogers subsequently filed suit against the City, Coleman, and a number of other city officials. On the same day that he filed his original complaint, he realized an error and sought leave to file a corrected complaint, which the district court granted. Defendants moved to dismiss and Rogers responded, requesting leave to amend if the district court found that defendants' arguments had merit. Rogers subsequently moved for leave to file a first amended original and correct complaint, alleging Section 1983 claims based on violations of his First and Fourteenth Amendment rights; claims for relief based on the same constitutional violations under the Federal Declaratory Judgment Act; and claims under the Texas Declaratory Judgments Act for violations of the Texas Whistleblower Act, TEX. GOV'T CODE § 554.002–003, violations of Section 614.023 of the Texas Government Code, and defamation.

In October of 2015, the district court held an initial conference, at which the district court heard arguments regarding the pleadings. The district court clarified that defendants did not need to file a subsequent Rule 12(b)(6) motion responding to Rogers's first amended original and correct complaint, because the existing motion adequately addressed Rogers's amended claims. On December 1, 2015, the district court granted Rogers's motion for leave to file his amended complaint. The next day, the district court entered an opinion and an order on dismissal, dismissing all of Rogers's claims with prejudice. Rogers timely appealed.[1]

## II. Standard of Review

"[We] review[ ] de novo a district court's grant or denial of a Rule 12(b)(6) motion to dismiss, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff.'" *True v. Robles*, 571 F.3d 412,

---

[1] Rogers does not appeal the dismissal of his claims for violations of his Fourteenth Amendment right to due process, his Texas Whistleblower Act claims, or his defamation claims, except his defamation claim against Coleman.

3

No. 16-40003

417 (5th Cir. 2009) (citation omitted). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "We may affirm a district court's Rule 12(b)(6) dismissal on any grounds supported by the record . . . ." *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

We review a district court's denial of leave to amend for an abuse of discretion. *Simmons v. Sabine River Auth. La.*, 732 F.3d 469, 478 (5th Cir. 2013).

### III. Discussion

*A. Section 1983/First Amendment Claim*

Rogers appeals the district court's dismissal of his Section 1983 claim that defendants violated his First Amendment rights by terminating him in retaliation for reporting Kvinta's alleged misconduct to the Texas Rangers. In this context, Rogers must plead that his report was constitutionally protected speech by alleging, among other things, that he spoke as a citizen on a matter of public concern. *See Gibson v. Kilpatrick*, 773 F.3d 661, 666 (5th Cir. 2014) (citing *Lane v. Franks*, 134 S. Ct. 2369, 2378 (2014)).

The parties dispute only whether Rogers's speech was made as a citizen or pursuant to his official duties as Chief of Police. "[W]hen public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Garcetti v.*

4

No. 16-40003

*Ceballos*, 547 U.S. 410, 421 (2006). The Supreme Court has instructed that this "inquiry is a practical one" that focuses on whether the speech was made "within the scope of the employee's professional duties." *Id.* at 424–25. We have defined "pursuant to official duties" as "activities undertaken in the course of performing one's job," and look to factors such as job descriptions, whether the employee communicated with coworkers or with supervisors, whether the speech resulted from special knowledge gained as an employee, and whether the speech was directed internally or externally. *Davis v. McKinney*, 518 F.3d 304, 313 (5th Cir. 2008).

Rogers alleges in his first amended complaint that, "[h]is official duties entailed the investigation of perceived wrong doing and reporting such findings to the prosecuting authorities," and further states that "[c]ontacting the Texas Rangers was protected speech, outside the scope of his ordinary duties." This conclusory and contradictory recitation of the elements is insufficient, standing alone, to support a conclusion that Rogers's speech was made as a private citizen. Rogers does not allege any facts that illustrate why reporting Kvinta's alleged misconduct to the Texas Rangers for their help in investigating the allegations fell outside the scope of his official duties to "investigat[e] . . . perceived wrong doing and report[ ] such findings to the prosecuting authorities." Indeed, we have previously held that the title "Chief of Police" indicates that communication with outside law enforcement agencies is part of an employee's job responsibilities. *See Gibson*, 773 F.3d at 671. Further, Rogers's complaint alleges that he was terminated "in retaliation for carrying out his law enforcement duties as Police Chief."[2] Viewing these facts in the

---

[2] Other allegations include: "Chief Rogers was terminated . . . in retaliation for the legitimate pursuit of his duties as the chief law enforcement officer of the City of Yoakum . . ."; "Chief Rogers was disciplined, retaliated against for exercising and performing

No. 16-40003

light most favorable to Rogers, we conclude that Rogers has not sufficiently alleged that reporting Kvinta's alleged misconduct was outside the scope of his official duties, and in fact, the allegations in his complaint support finding the very opposite. Accordingly, we affirm the district court's dismissal of Rogers's Section 1983 claim for retaliation in violation of his First Amendment rights.[3]

## B. Texas Declaratory Judgments Act Claim

Rogers next contends that the district court erred in dismissing his claims under the Texas Declaratory Judgments Act ("TDJA"), *see* TEX. CIV. PRAC. & REM. CODE § 37.001–.011, alleging state law defamation and violation of Section 614.023 of the Texas Government Code. The TDJA does not apply in federal district court. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998). Assuming arguendo that Rogers intended to plead the substantive causes of action underlying his TDJA claim, we conclude that Rogers has failed to state a claim on either of these theories.

### 1. Defamation

Rogers appeals the district court's dismissal of his state law defamation claim against Coleman. Defendants argue that Rogers's defamation claim against Coleman is barred by Section 101.106 of the Texas Civil Practice and Remedies Code, which requires an election of remedies when a plaintiff sues both a governmental entity and its employees.

Rogers alleges in his complaint that Coleman "publically accused Chief Rogers of negligence and essentially dereliction in the performance of his

_____

his official law enforcement duties . . ."; and "Chief Rogers was disciplined, retaliated against for exercising and performing his official law enforcement duties . . . ."

[3] His allegations under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, are simply a repackaging of these same claims. The Declaratory Judgment Act is a procedural device and does not create an independent private right of action. *Harris Cty. v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015); *Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1178, 1179 (5th Cir. 1984). Thus, this claim fails for the same reason as the 1983 claim.

duties," that "defendants . . . put a rubber stamp on the actions of Kevin Coleman," and that such actions "constitute defamation, including libel and slander." Defendants moved for dismissal of Rogers's claims against the individual defendants under Section 101.106. Because Rogers sued both the City and Coleman for defamation, he has made his election, and his suit against Coleman for defamation cannot proceed. *See* TEX. CIV. PRAC. & REM. CODE § 101.106(e). Accordingly, we affirm the district court's dismissal of Rogers's defamation claims against Coleman.[4]

2. Section 614.023 of the Texas Government Code

Rogers also appeals the district court's dismissal of his claim under Section 614.023 of the Texas Government Code.[5] Section 614.023 provides that where a "complaint" is filed against a law enforcement officer, a signed copy of the complaint must be given to the officer before any disciplinary action can be taken. TEX. GOV'T CODE § 614.023. Additionally, the officer may not be terminated on the basis of the complaint unless it is investigated and there is evidence to prove the allegation of misconduct. *Id.*

Importantly, Section 614.023's protections apply only when disciplinary action is based on the subject of a "complaint." As we have recognized, "[o]ne implication [of this requirement] is that in all other situations, an officer may be discharged for a good reason, a bad reason, or no reason without the process provided." *Stem v. Gomez*, 813 F.3d 205, 212 (5th Cir. 2016). Rogers alleges that he was terminated as the result of a report made by a Lavaca County

---

[4] Rogers contends that because Coleman was not acting in his official capacity when he made his allegedly defamatory remarks he is not entitled to official immunity. Rogers conflates official immunity with the statutory immunity provided by Section 101.106 of the Texas Civil Practice and Remedies Code. *See Tex. Adjutant Gen.'s Office v. Ngakoue*, 408 S.W.3d 350, 356–57, 357 n.6 (Tex. 2013); *see also Poland v. Willerson*, No. 01-07-00198-CV, 2008 WL 660334, at *9 (Tex. App.—Houston [1st Dist.] 2008, pet. denied).

[5] We assume without deciding that Rogers can bring a stand-alone claim for a violation of Section 614.023.

Attorney to Coleman that an officer under Rogers's command had engaged in misconduct. We need not, and do not, decide whether such a report constitutes a "complaint" for purposes of Section 614.023. Instead, we conclude that Rogers has failed to allege facts that, if true, show that he was terminated as a result of the Lavaca County Attorney's report.

In his complaint, Rogers seems to allege, relying on the exhibits attached to his complaint, that Coleman terminated Rogers because Coleman received a request from a Lavaca County Attorney to view a video of a City police officer using his taser on a suspect in a potentially problematic manner. In fact, the exhibits referenced by Rogers as support for his claim contradict these allegations and show that Coleman terminated Rogers based on Rogers's *response* to the taser incident and his failure to appropriately discipline the officer in question.[6] The Lavaca County Attorney merely brought to Coleman's attention the video of the taser incident. Nearly a month later, Coleman terminated Rogers as a result of Rogers's responses (or failures to respond) to Coleman's requests that he look into the incident. As indicated in the exhibits, this decision was reached based on Coleman's *own* observations of Rogers's behavior and his responses to issues within the department. *Cf. Treadway v. Holder*, 309 S.W.3d 780, 784 (Tex. App.—Austin 2010, pet. denied) (termination *due to complaint* requires following procedures in Section 614.023). Because the exhibits attached to Rogers's complaint contradict his

---

[6] In determining whether a plaintiff has stated a claim under Rule 12(b)(6), we may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). When "an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls." *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir.), *cert. denied*, 311 U.S. 685 (1940)).

allegations, we assume the facts in the exhibits to be true. *See U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

The Lavaca County Attorney reported *another* officer's possible misconduct to Coleman, and Rogers does not allege that he was terminated as a result of *that* officer's conduct. Rather, as the exhibits he attached to his complaint demonstrate, he was terminated as a result of his subsequent failures to respond to that incident and discipline that officer. Here, where Rogers's alleged misconduct was not the subject of the report in question, and Coleman *himself* observed Rogers's alleged negligence and made the decision to terminate Rogers, the procedures outlined in Section 614.023 do not apply. *See Paske v. Fitzgerald*, ___ S.W.3d ___, 2016 WL 3459217, at *7 (Tex. App.—Houston [1st Dist.] June 23, 2016, no pet. h.). Accordingly, we affirm the district court's dismissal of Rogers's claims under Section 614.023 of the Texas Government Code.

## C. Leave to Amend

Finally, Rogers contends the district court erred in refusing to grant him leave to amend his complaint rather than dismissing his case.[7] District courts

---

[7] Rogers also appeals the district court's dismissal of his complaint on the ground that the district court improperly dismissed Rogers's claims without giving Rogers notice or opportunity to respond. Rogers contends that the district court dismissed his claims *sua sponte* and accordingly, the dismissal should be reversed for failure to follow the procedural safeguards of notice and opportunity to respond. Alternatively, Rogers contends that, in considering extrinsic evidence, the district court improperly converted the defendants' Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56. These arguments are unavailing.

First, although a district court must provide "notice of the court's intention and an opportunity to respond" before dismissing a case under Rule 12(b)(6) on its own motion, *Lozano v. Ocwen Fed. Bank*, 489 F.3d 636, 643 (5th Cir. 2007), here, the transcript of the conference held in chambers on October 5, 2015, indicates that, in dismissing Rogers's suit, the district court was ruling on defendants' motion to dismiss, and that the district court gave Rogers notice of its intention to do so. Rogers had sought leave to file an amended complaint, and the district court stated that, "even with [the plaintiff's first amended original and correct complaint] the [defendants'] motion to dismiss stands," clarifying that the defendants did not need to submit a new motion to dismiss. In response to defense counsel's question regarding

have wide latitude to consider requests for leave to amend. In deciding whether to permit an amendment, a district court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). We conclude that the district court gave Rogers sufficient prior opportunity to plead his best case and amend his complaint, and the district court did not abuse its discretion in dismissing Rogers's case without permitting Rogers to file a third complaint. *See, e.g., U.S. ex rel. Adrian v. Regents of Univ. of Cal.*, 363 F.3d 398, 403–04 (5th Cir. 2004) (holding that the district court did not abuse its discretion in denying leave to file a third amended complaint where the plaintiff had already been given opportunities to amend and did not indicate what additional facts he could plead to correct the deficiencies in his complaint).

   AFFIRMED.

---

whether the court intended to rule on the motion to dismiss, the district court confirmed that it would likely wait a few weeks, but that the motion to dismiss was still live. Thus we conclude that Rogers had sufficient notice of the procedure the district court planned to employ in ruling on the motion to dismiss Rogers's complaint. *Cf. Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 242–43 (5th Cir. 2015) (district court dismissed plaintiff's second amended complaint without requiring defendant to file a new motion to dismiss, because the second amended complaint did not correct the issues identified in the motion to dismiss the first amended complaint).

   With respect to Rogers's contention that the district court improperly converted the motion to dismiss into a motion for summary judgment, Rogers has not pointed the court to any indication in the district court's opinion or order on dismissal that the district court considered extrinsic evidence. *See Feinberg v. Leach*, 243 F.2d 64, 69 (5th Cir. 1957) (declining to denominate dismissal as being a summary judgment where the record did not indicate that the district court considered extrinsic evidence).