**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2671
_____

RONNIE COLEMAN, JR.,
                              Appellant

v.

ACADEMY BUS LLC, Academy Express;
SOUTH AMBOY POLICE DEPARTMENT;
MIDDLESEX POLICE DEPARTMENT

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:20-cv-01931)
District Judge:  Honorable Madeline C. Arleo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 4, 2021

Before: MCKEE, SHWARTZ and RESTREPO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 15, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ronnie Coleman, Jr., proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons that follow, we will affirm in part, vacate in part, and remand to the District Court for further proceedings.

In February 2020, Coleman filed his complaint, which he later supplemented with a "verified answer," alleging that he was arrested based on a bus driver's false statement to the police. He also asserted that the "South Amboy Police Department made me walk around on the concrete outside in freezing temperature[s] with no shoes or socks on my feet." Coleman further claimed that, while in custody, jail employees slammed him into a wall, hit and kicked him in the face, and sprayed him with mace. He named as defendants a bus company, the South Amboy Police Department, the Middlesex County Jail, and the New Jersey Attorney General's Office. As a basis for relief, Coleman cited the New Jersey Adult Protective Services Act (APSA) and provisions of the New Jersey Criminal Code.[1] Coleman sought $50,000 in damages.

Although the District Court had not ordered service of the complaint, the bus company filed an answer which included cross-claims against the co-defendants for contribution and indemnification. The District Court granted Coleman's motion to proceed in forma pauperis and dismissed the complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), holding that no private right of action existed under the statutes that Coleman had cited. Coleman appealed.

---

[1] In particular, Coleman cited N.J.S.A. § 2C:28-4(a) (false reports to law enforcement authorities); § 2C:13-3 (false imprisonment); § 2C:12-1(b) (assault).

We have jurisdiction pursuant to 28 U.S.C. § 1291.[2] Our review of a sua sponte dismissal for failure to state a claim pursuant to § 1915(e)(2)(B)(ii), like that of a dismissal on a party's motion under Federal Rule of Civil Procedure 12(b)(6), is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court properly rejected Coleman's attempt to raise claims under the New Jersey Criminal Code, because the statutes he cited do not create a private cause of action. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (holding that a private party has no right to compel enforcement of criminal laws). Similarly, the APSA does not provide Coleman with cause of action to remedy the treatment that he allegedly suffered. See In re Farnkopf, 833 A.2d 89, 91 (N.J. Super. Ct. App. Div. 2003) (stating that the APSA "authorizes protective services providers … to pursue legal relief for the benefit of vulnerable adults") (internal footnote omitted). Therefore, we will affirm that portion of

---

[2] When Coleman filed his notice of appeal, the bus company's cross-claims against the co-defendants were still pending, and it appeared that this Court lacked appellate jurisdiction. See Owens v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981) (normally, outstanding cross-claims will prevent a District Court order from being considered final). Here, however, the bus company later filed a notice of voluntarily dismissal as to all cross-claims. The District Court approved that voluntary dismissal. Accordingly, we have jurisdiction over this appeal. See Bethel v. McAllister Bros., 81 F.3d 376, 382 (3d Cir. 1996) ("[A]n otherwise non-appealable order may become final for the purposes of appeal where a plaintiff voluntarily and finally abandons the other claims in the litigation."); see also Aluminum Co. of Am. v. Beazer E., Inc., 124 F.3d 551, 557 (3d Cir. 1997) ("Even if the appeals court would have lacked jurisdiction at the time an appeal was filed, the court has jurisdiction if, as a result of subsequent events, there are no longer any claims left to be resolved by the district court.").

the District Court's judgment that dismissed the claims that Coleman brought under the New Jersey statutes cited above.

We conclude, however, that the District Court abused its discretion in failing to provide Coleman with leave to amend his complaint. In pro se civil rights actions, "district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Here, the District Court failed to offer leave to amend or explain why it would not make such an offer. Cf. United States ex rel. Adrian v. Regents of the Univ. of Cal., 363 F.3d 398, 403 (5th Cir. 2004) (stating that "outright refusal to grant leave to amend without a justification such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' is considered an abuse of discretion" (quoting Foman v. Davis, 371 U.S. 178, 182 (1962))). Because it is possible that Coleman could set forth plausible claims under 42 U.S.C. § 1983 based on the facts set forth in his pleadings, we will vacate the District Court's judgment in part and remand for further proceedings consistent with this opinion.